## BRYANT v. HOUSEHOLDER.

### No. 7863.

EVIDENCE.—*Sufficiency of, to Sustain Finding —Advancement.—Payment.*— In an action by a surviving husband, against the clerk of a circuit court, to recover his deceased wife's distributive share of the estate of her father, paid to such clerk by the administrators thereof at the time of making their final report, the evidence showed that such share was paid to said clerk by the administrators, for the plaintiff, subject to a question of advancement to be thereafter settled, and that he was directed by them not to pay the same until that question was settled. The final report of such administrators was approved by the court, and they were discharged. The question of advancement had not been settled, nor had any steps been taken to settle it.

*Held*, that the evidence failed to show an absolute payment to the defendant for the use of the plaintiff, and was therefore insufficient to sustain a finding in his favor.

From the Clinton Circuit Court.

*L. McClurg* and *J. V. Kent*, for appellant.

*J. C. Suit*, for appellee.

NIBLACK, J.—This was an action by Adam Householder, against Dewitt C. Bryant, for the sum of two hundred dollars and twenty-five cents, alleged to have been due to the said Householder, as his distributive share of the estate of one James McBride, deceased, in right of his late wife, Phœbe Householder, also deceased, who was one of the children and heirs at law of the said James McBride, and to have been paid into the hands of the defendant, as clerk of the Clinton Circuit Court, for the use of the plaintiff.

The defendant answered :

1. A general denial ;

2. Admitting the receipt of the money, but alleging that it was paid to him for the use of the plaintiff conditionally, and subject to a question of advancement thereafter to be settled, which had not been settled ; and,

3. Alleging facts similar to those set up in the second paragraph, and averring that certain advancements had been made to the said Phœbe Householder, in her lifetime.

The plaintiff replied in denial, and upon a trial the court found that the defendant was indebted to the plaintiff in the sum demanded in the complaint, and rendered judgment accordingly.

The only question made here is upon the sufficiency of the evidence to sustain the finding of the court.

The final report of Levi Horlacher and Mary J. McBride, the administrators of the estate of the said James McBride, which was read in evidence, showed, amongst other things, that there was apparently due to the plaintiff, in right of his said wife, the sum of two hundred dollars and twenty-five cents, which they brought into court as his distributive share of said estate, subject to a question of advancement to be thereafter settled. That

report was approved by the court, and the administrators thereupon discharged.

Mrs. McBride, who had in the mean time intermarried with one Harshman, testified at the trial, that, at the time she and Horlacher made their final report, she went with her attorney into the clerk's office, and gave to the defendant the sum of two hundred dollars and twenty-five cents, as the plaintiff's share of the estate; that she and her attorney told the defendant that the money was given to him to hold until a question of advancement should be first settled; that they further told the defendant not to pay over the money until the question of advancement was settled in the plaintiff's favor; that they also told the defendant, that, if the question of advancement should be determined against the plaintiff, the money was not to be paid to him, but would be distributed amongst the other heirs; that the question of advancement had never been settled, and that no steps had been taken to settle that question.

There was other evidence given in the cause, but none of it seriously conflicted with what has been set out as above.

This evidence evidently failed to show an absolute payment of the money to the defendant, for the use of the plaintiff, and was, in consequence, we think, insufficient to sustain the finding of the court. A new trial ought to have been granted, as prayed for by the defendant.

The judgment is reversed, with costs, and the cause is remanded for a new trial.